UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JUAN BANUELOS-GONZALES, | ) | CASE NO. 4:12 CV 1481 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ROBERT L. FARLEY, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

INTRODUCTION

On June 12, 2012, petitioner *pro se* Juan Banuelos-Gonzalez, an inmate at the Federal Correctional Institution at Elkton ("FCI Elkton"), filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. The petition indicates Banuelos-Gonzalez was convicted in the United States District Court for the Southern District of California in 2009, pursuant to a guilty plea, of conspiracy to distribute controlled substances. He was sentenced to 210 months incarceration, with 5 years supervised release. *See, United States v. Banuelos-Gonzalez*, So. Dist. Calif. Case No. 3:08 CR 3370. As grounds for the petition, he asserts that respondent FCI Warden Farley is subjecting him to cruel and unusual punishment by detaining him, because the trial court lacked jurisdiction and he was deprived of effective assistance of counsel. For the reasons stated below, this action is dismissed.

LAW AND ANALYSIS

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief, including the denial of a previously filed section 2255 motion. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Rather, the "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 Fed.Appx. 243, 248 (6th Cir. 2001)(unpublished dispostition)(quoting *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The petitioner bears the burden of proving that the section 2255 remedy is inadequate or ineffective. *Charles*, 180 F.3d at 756 (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Banuelos-Gonzalez seeks to raise issues that could and must be raised in a 2255 motion.[1] The petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" requires further consideration of his claims.

---

[1] Although petitioner argues that language and other barriers have prevented him from filing a timely 2255 motion, those arguments must be made, if anywhere, to the trial court. 28 U.S.C. § 2255(f)(2).

2

CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

3